UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

Jesse Charles Sipos,                          Case No. 08-43337-MBM
                                                                      Chapter 7
                     Debtor.       /                Hon. Marci B. McIvor

## OPINION DENYING DEBTOR'S MOTION TO REOPEN CASE, RECLASSIFY CREDITOR AND STRIP A LIEN

This matter is before the Court on Debtor's Motion to Reopen Case to Reclassify Creditor and Strip a Lien. The lien at issue was filed against Debtor's residence by Debtor's divorce attorney. On June 17, 2014, the Court held a hearing on the matter and gave the parties until July 1, 2014, to file additional documents and briefs. Having reviewed those submissions, and in light of the entire record, the Court now denies Debtor's Motion to Reopen Case finding that the attorney lien is unenforceable and reopening the case would be futile.

I.

Facts

Creditor attorney Robert Cassar, represented debtor Jesse Sipos in a divorce proceeding. On April 3, 2007, Debtor signed an "Agreement for Legal Services" which provided that "[b]y signing below, the Client gives the Attorney permission to place a LIEN on the Client's real property until all of the Client's Attorneys fees are paid in full. Interest on the Lien shall accrue at 7%." (Retainer Agreement attached to Creditor's Brief, Docket No. 39, emphasis in original). Debtor's signature appears at the bottom of the agreement.

On October 3, 2007, a judgment of divorce was entered in state court. (Case No. 07-

708779-DM, Wayne County Circuit Court, Family Division). The judgment included the following provision regarding "Attorney Fee Lien and Mediation Fees" but the bolded language was crossed out and initialed by Debtor:

> IT IS FURTHER ORDERED that each party shall pay the balance of his/her own attorney fees **and each attorney shall have a lien on his/or her client's share of assets to insure payment of the same.** The parties shall equally divide the Mediator's fees and the same shall be paid forthwith, prior to entry of this Judgment of Divorce. **The Mediator shall have a lien on the parties' marital assets to insure payment of the same.**
>
> **IT IS FURTHER ORDERED that ROBERT J. CASSAR, the attorney for Defendant [Jesse Sipos], is hereby awarded a lien on 10065 Northway, Allen Park, Michigan 48101 and in the amount of $3,511.25 to secure payment of Defendant's attorney fees. Defendant, JESSE C. SIPOS, shall pay to ROBERT J. CASSAR, the sum of $3,522.25 in attorney fees forthwith.**

Debtor's Brief, Ex. A (Docket No. 40).

The judgment of divorce was signed by both Debtor and Mr. Cassar.

On October 8, 2007, Mr. Cassar signed a notice of attorney lien against the Allen Park property. The lien was "[f]or attorney fees and legal expenses expended in the amount of $3,706.25 plus any additional fees and costs incurred." It was recorded by the Wayne County Register of Deeds on December 13, 2007. (Notice of Lien attached to Creditor's Brief).

On February 14, 2008, debtor Jesse Sipos filed a voluntary chapter 7 bankruptcy petition.

Schedule A disclosed Debtor's residence located at 10065 Northway, Allen Park, Michigan. Debtor and his wife are listed as joint tenants with Debtor's half interest valued at $75,000. On schedule A, the property is valued at $150,000 and has mortgage liens (a first mortgage and a home equity loan) totaling $190,448.15.

On Schedule F (unsecured claims), the debtor listed a debt to Robert Cassar, Esq. in the

2

amount of $3,706.25. Robert Cassar was Debtor's divorce attorney.

On April 15, 2014, Debtor filed the present Motion, seeking to reopen his case in order to reclassify Mr. Cassar as a secured creditor and strip his lien on the residence. Mr.Cassar objects and asserts that his lien is valid and cannot be avoided.

II.

Analysis

Motions to reopen a bankruptcy case are governed by 11 U.S.C. §350(b). That section states that a case may be reopened "in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The question before this Court is whether Debtor needs to reopen this case to litigate the merits of Mr. Cassar's alleged lien against real property owned by Debtor. The question is answered by reviewing the facts and the applicable law on the enforceability of attorney liens.

There are two kinds of attorney liens: (1) a general, retaining, or possessory lien, and (2) a special, particular, or charging lien. "A general or retaining lien is the right to retain possession of all documents, money, or other property of the client until the fee for services is paid. The special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit. The attorney's charging lien creates a lien on a judgment, settlement or other money recovered as a result of the attorney's services." *George v. Gelman*, 506 N.W.2d 583, 584-85 (Mich. App. 1993).

Under Michigan law, attorney charging liens "automatically attach to funds or a money judgment recovered through the attorney's services. No Michigan authority, however, permits an attorneys' charging lien to attach to real property." *Id.* at 477-78. As explained by the Michigan

3

Court of Appeals:

> [A]n attorneys' charging lien for fees may not be imposed upon the real estate of a client, even if the attorney has successfully prosecuted a suit to establish a client's title or recover title or possession for the client, unless (1) **the parties have an express agreement providing for a lien**, (2) the attorney obtains a judgment for the fees and follows the proper procedure for enforcing a judgment, or (3) special equitable circumstances exist to warrant imposition of a lien.

*George v. Gelman*, 506 N.W.2d 583, 585 (Mich. App. 1993)(emphasis added).

In the present case, there is no dispute that Mr. Cassar does not have a charging lien. Mr. Cassar's argument is that the agreement for legal services signed by Debtor provided an express agreement between the parties permitting the filing of a lien on Debtor's real property. If the agreement for legal services was the only document signed by Debtor or Mr. Cassar, Mr. Cassar's argument that he has a "retaining lien" might be persuasive. However, the agreement for legal services was subsequently modified or waived by the judgment of divorce. In the judgment of divorce, the language which would have awarded Mr. Cassar a lien on the Allen Park property was stricken.

In addressing the circumstances under which a contract may be waived or modified, the Michigan Supreme Court has stated,

> that parties to a contract are free to mutually waive or modify their contract notwithstanding a written modification or anti-waiver clause because of the freedom to contract. However, with or without restrictive amendment clauses, the principle of freedom to contract does not permit a party *unilaterally* to alter the original contract. Accordingly, mutuality is the centerpiece to waiving or modifying a contract, just as mutuality is the centerpiece to forming any contract.
> **This mutuality requirement is satisfied where a waiver or modification is established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to modify or waive the particular original contract**.

*Quality Products and Concepts Co..v. Nagel Precision, Inc.*, 666 N.W.2d 251, 253-54 (Mich.

4

2003)(italics in original, bold added).

In the present case, Debtor and Mr. Cassar both signed the judgment of divorce and their signatures were witnessed by the state court. The language in the judgment of divorce which granted a lien to Robert Cassar is crossed out. Neither party can profess ignorance regarding the substantive terms of the divorce judgment. Mr. Cassar has presented no agreement which post-dates the judgment of divorce, nor has he presented any other evidence demonstrating that his lien was reinstated.

This Court finds that the agreement for legal services signed by Debtor gave Mr. Cassar a valid retaining lien against Debtor's real property. However, that agreement was subsequently modified by the judgment of divorce. The judgment of divorce eliminated Mr. Cassar's right to enforce collection of the debt owed to him by filing a lien against Debtor's real property. Based on the terms of the judgment of divorce, the lien recorded by Mr. Cassar on December 13, 2007 with the Wayne County Register of Deeds is invalid and unenforceable. To the extent that Mr. Cassar is owed money by Debtor, his claim is a prepetition general unsecured claim which was discharged in Debtor's bankruptcy.

Based on the facts and relevant law, Debtor correctly characterized Mr. Cassar's claim in his bankruptcy case. Therefore, there is no need to reopen Debtor's case because Debtor needs no relief from this Court. Debtor's Motion to Reopen is DENIED. The lien recorded by Mr. Cassar with the Wayne County Register of Deeds is unenforceable against real property located at 10065 Northway, Allen Park, Michigan.

III.

Conclusion

For the foregoing reasons, Debtor's Motion to Reopen Case to Reclassify Creditor and Strip a Lien is DENIED.

Signed on July 17, 2014

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge